FILED
2011 May-26  PM 01:35
U.S. DISTRICT COURT
N.D. OF ALABAMA



FILED

MAY 26 2011

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

UNITED STATES OF AMERICA   )
)
v.                         )        2:11-CR-00125-VEH-JEO
)
FRANK GEORGE FREEDMAN      )

### PLEA AGREEMENT

The United States and Frank George Freedman (hereinafter the defendant) hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to (i) plead guilty to Count 4 and Count 5 of the Indictment filed in the above numbered and captioned matter, and (ii) consent to an order of forfeiture.  In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to dismiss Counts 1 through 3 and Count 6 of the Indictment, at the time of sentencing, and to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

### TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant  understands that the maximum statutory punishment that may

be imposed for the crime of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of Title 18, United States Code, Section 2423(b), as charged in Count 4 and Count 5, is:

    a.    Imprisonment for not more than thirty years;

    b.    A fine of not more than $250,000.00, or,

    c.    Both a and b;

    d.    Supervised release for not less than five years up to Life; and,

    e.    Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA

The United States is prepared to prove, at a minimum, the following facts at the trial of this case:

On or about February 14, 2011, the defendant, Frank George Freedman, who was born in or about 1938, initiated email contact, via the internet, with an undercover law enforcement officer in the Northern District of Alabama by responding to an internet posting. In the correspondence, the defendant came to believe that a person was willing to arrange for the defendant to engage in illegal sexual activity for a price with one minor female under the age of 16. The defendant initiated email contact, with an undercover law enforcement officer in the Northern District of Alabama with the officer using a different undercover screen name. In the correspondence, the

Defendant's Initials _____

defendant came to believe that a person was willing to arrange for the defendant to engage in sexual activity with two minor females under the age of 16, referenced in the Indictment as Girl A and Girl B.

On or about February 16, 2011, in correspondence between the defendant and undercover agents, the defendant offered a camera in exchange for oral sex and intercourse with one minor female under the age of 16 which would constitute criminal sexual activity under the laws of the State of Alabama.(Girl A in the indictment).  On February 24, 2011, the defendant indicated within an email to an undercover agent stated "I will also explain and demonstrate what foreplay is all about, and why it is necessary for both. If any or all choose to give me oral sex, I will offer them positive feedback, and positive suggestions for improving their skills." (Girls A and B in the indictment).

On or about February 26, 2011, in correspondence between the defendant and undercover agents, the defendant made arrangements to meet the undercover agent at a shopping complex in Jefferson County, Alabama.  The defendant stated he would be in a red 1995 Toyota Tercel with a green front fender.  On March 3, 2011 the defendant traveled from his home in Georgia and arrived at a motel in the Northern District of Alabama where his vehicle was observed by a law enforcement officer.

On March 4, 2011, the defendant arrived at the shopping complex for the

Defendant's Initials

meeting with the undercover law enforcement officer. The defendant met the undercover officer to follow him back to the officer's house for the purpose of illegal sexual activity with females under the age of 16( Girls A and B).  The defendant was arrested.  The defendant had Levitra in his front left cargo pants pocket and four condoms in his suitcase.

As a matter of law, the following is some of the sexual activity for which the defendant can be charged with attempting a criminal offense under Alabama law, or may apply under Alabama law:

RAPE in the SECOND DEGREE [Ala. Code § 13A-6-62 (1975)]: A person commits the crime of rape in the second degree if: He, being 16 years old or older, he engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the member of the opposite sex;

SODOMY in the SECOND DEGREE [Ala. Code § 13A-6-64 (1975)]: A person commits the crime of sodomy in the second degree if: He, being 16 years old or older, he engages in deviate sexual intercourse with another person less than 16 and more than 12 years old;

SEXUAL ABUSE in the SECOND DEGREE [Ala. Code § 13A-6-67 (1975)]: A person commits the crime of sexual abuse in the second degree if: He, being 19 years or older, subjects another person to sexual contact who is less than 16 years old, but more than 12 years old;

"Deviate Sexual Intercourse" means an act of sexual gratification between person not married to each other

involving the sex organs of one person and the mouth or
anus of another.  Ala. Code § 13A-6-60 (1975);

"Sexual Contact" means any touching of the sexual or other
intimate parts of a person not married to the actor, done for
the purpose of gratifying the sexual desire of either party.
Ala. Code § 13A-6-60 (1975);

Officers of the Department of Homeland Security and a local law enforcement

officer interviewed the defendant after having advised him of his Miranda rights.  The

defendant waived his Miranda rights verbally and through a written form, and

provided an oral and written statement as to his actions.  During the interview, the

defendant indicated that he responded to an internet posting utilizing an email address.

This response was made utilizing his desktop computer at his home in Georgia via the

internet.  The defendant stated during the interview that he had knowledge of the age

of the females in his email discussions.  The defendant stipulates to the forfeiture of

the following property used to facilitate the commission of violations law, including

Title 18, United States Code, Section 2423(b): 1) one red 1995 Toyota Tercel

with  VIN#JT2EL55D350069380;  2)  one  Verizon  Model  VX5600  Cellular

Telephone assigned telephone number (912)585-6347 and MEID-A0000021CC1ECC;

and, 3) two computers that were seized from the defendant's residence in Vidalia,

Georgia.

Based on the above facts, the defendant did travel in interstate commerce from

the State of Georgia to the Northern District of Alabama for the purpose of engaging in illicit sexual conduct with Girl A and Girl B, in violation of Title 18, United States Code, Section 2423(b).

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

X *Frank George Freedman*
_____
Frank George Freedman , defendant

## III. RECOMMENDED SENTENCE

A.       Pursuant to Rule 11(c)(1)(C), <u>Fed.R.Crim.P.</u>, the government and the defendant will recommend a sentence of 57 months followed by a lifetime term of supervised release. If the Court accepts this plea agreement, the proposed sentence of imprisonment of 57 months followed by a lifetime term of supervised release shall be imposed. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the defendant so elect, the defendant will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

B.      Subject to the limitations regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition (the defendant reserves the right to object to the recommendations below and said recommendations are not binding upon the Court):

(1) A two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. The government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the defendant's prompt acceptance of personal responsibility for his conduct. The government may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statement about his involvement in the offense; (d) is untruthful with the Court, the Government, or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty for any reason other than those expressly enumerated in the Limited Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

(2)      The defendant be subject to the standard conditions of supervised

release  as set forth in U.S.S.G § 5D1.3, and to the following special condition(s):

a.  That the defendant be required to register as a sex offender for the full term of his supervised release, or for the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

b.  That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer, this includes prohibiting the defendant from having any contact with any child by telephone or the internet.  The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

c.  That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, plethysmography testing, and completion of any psycho-sexual evaluations and assessments, at the direction of the Probation Officer;

d.  That the Defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider.  The defendant shall contribute to the cost of treatment according to the defendant's ability to pay.

e.  That the Defendant register as a sex offender, according to the laws of each state in which the Defendant resides, is employed, or is attending school. The Defendant shall provide verification of compliance with this requirement to the Probation Officer; and,

f.  That the defendant be prohibited from using any computer, or any other device, with internet access, unless approved in advance by the Probation Officer, or required for employment.  If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals.  This may require temporary removal of the equipment for a more thorough inspection.  The defendant shall not possess or use any data encryption technique or program.  According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

(3)   That the defendant pay a special assessment fee of $200.00, said amount due and owing as of the date sentence is pronounced.

(4)   Should the United States learn that the defendant has sexually

abused or assaulted any minor, or committed any other crime of violence or if any victim of such conduct should come forward prior to the defendant's sentencing, this agreement will be considered null and void.

## IV.   WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, the defendant hereby waives and gives up his right to appeal his conviction and sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, he waives and gives up the right to challenge his conviction and sentence, any fines, restitution, forfeiture orders  imposed or the manner in which his conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding either or both of the following:

(a)   Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b)   Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and,

(c)   Any sentence imposed in excess of 57 months.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the United States retains its right to appeal where authorized by statute.

I, Frank George Freedman, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

X *Frank George Freedman*

Frank George Freedman, defendant

## V. UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT IS BINDING ON COURT

Pursuant to Rule 11(c)(1)(C) , Fed.R.Crim.P., the recommendation for 57

Defendant's Initials *FF*

months imprisonment followed by a lifetime term of supervised release **BINDS THE COURT ONCE THE COURT ACCEPTS THE PLEA AGREEMENT**. The defendant may withdraw his plea of guilty, pursuant to Rule 11(d)(2), <u>Fed.R.Crim.P.</u>, if the court rejects the plea agreement under Rule 11(c)(5).

However, as to any other terms and conditions of the sentence, other than the 57 month term of imprisonment followed by a lifetime term of supervised release, the Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Parties, other than previously stated, is **NOT BINDING UPON THE COURT,** and that the Court need not accept any other recommendations. Further, the defendant understands that if the Court does not accept the Parties' recommendations, the defendant does not have the right to withdraw his plea, other than the right previously addressed regarding that the term of imprisonment must be 57months and followed by a lifetime term of supervised release, under Rule 11(d)(2).

## VII. <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford,</u> 400 U.S. 25 (1970), or tender a plea of nolo contendere to the charges, this agreement will become NULL and VOID. In that event, the United

Defendant's Initials

States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII.  SUBSEQUENT CONDUCT

The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.

## IX.  OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X.  COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United

States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to any counts that are to be dismissed under the terms of this plea agreement.

## XII.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant  understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's tax liabilities, if any, or to any pending or prospective forfeiture or other civil or administrative proceedings.

The defendant agrees to forfeit to the government all of his right, title, and interest in any and all money, property, or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities, in a violation of Title 18, United States Code, Section 2423(b), including but not limited to: 1) one red 1995 Toyota Tercel with VIN#JT2EL55D350069380; 2) one Verizon Model VX5600 Cellular Telephone assigned telephone number (912)585-6347 and MEID-A0000021CC1ECC; and, 3) two computers that were seized from the defendant's residence in Vidalia, Georgia.

The defendant agrees to assist fully the government in the forfeiture of the foregoing assets.  The defendant agrees to take all steps necessary to pass to the government clear title to these assets, including but not limited to executing any

and all documents necessary to transfer his interest in any of the above property to the government, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.  The defendant further agrees that he will not assist a third party in asserting a claim to the foregoing assets in an ancillary proceeding.

The defendant knowingly waives all constitutional, legal and equitable defenses to the forfeiture of the foregoing assets.  It is further understood that, in the event that the government files a civil action pursuant to 18 U.S.C. § 981 or any law enforcement agency initiates a forfeiture proceeding seeking to forfeit these assets, the defendant will not file a claim with the Court or agency or otherwise contest such a forfeiture action and will not assist a third party in asserting any such claim.  It is further understood that the defendant will not file or assist anyone in filing a petition for remission or mitigation with the Department of Justice concerning the forfeited assets.

## XIII.  DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of eighteen (18) pages.  I have discussed the case and my constitutional and other rights with my lawyer.  I am satisfied with my lawyer's representation in this case.  I

understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**
I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

5/19/11
DATE

Frank George Freedman, defendant

Page 17 of 18        Defendant's Initials *FGF*

## XIV. <u>COUNSEL'S ACKNOWLEDGMENT</u>

I have discussed this case with my client, Frank George Freedman, in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

5/19/11
DATE

Rick L. Burgess
Counsel for Defendant

## XV. <u>UNITED STATES' ACKNOWLEDGMENT</u>

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

5/26/11
DATE

Daniel J. Fortune
Assistant United States Attorney

Page 18 of 18          Defendant's Initials _____